UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

BARCLAYS CAPITAL INC.,  )
                Movant,  )
                          )
vs.  )
                          )
ILEANA D. PLATT and RAFAEL URQUIDI,  )
                Respondents.  )

## AFFIDAVIT OF DAVID G. RUSSELL

1. David G. Russell states the following under oath.

2. I am an attorney licensed to practice law in the State of Georgia and am a partner in the Atlanta-based law firm of Parker, Hudson, Rainer & Dobbs LLP.

3. I served as lead counsel for Barclays Capital Inc. ("Barclays") in the underlying arbitration, which was styled *Ileana D. Platt and Rafael Urquidi v. Barclays Capital Inc.*, FINRA Case No. 14-00821. I also served as lead counsel for Barclays in a substantially similar arbitration styled *Carlos Gallo and Jeannie P. Adams-Camblin v. Barclays Capital Inc.*, FINRA Case No. 14-00218. In each arbitration, I complied with Florida Bar Rule 1-3.11 regarding the appearance of non-Florida lawyers.

4. I attach as Exhibits 1 and 2, respectively, Platt and Urquidi's Demand and Barclays' Answer and Counterclaim.

5. In the *Platt* case, FINRA furnished the parties with the Arbitrator Disclosure Report of Jerrold Levine, which is attached as Exhibit 3. Ultimately, Mr. Levine was selected to serve as the Chairperson.

6.  In the *Platt* case, the parties were required to exchange witness lists on January 13, 2015. Within a week prior to that date, I spoke by telephone with Jacob Buchdahl, the New York-based lawyer who served as lead counsel for Claimants and Counterclaim Respondents Platt and Urquidi. Mr. Buchdahl informed me that Platt and Urquidi were considering engaging a Miami-based CPA, Harvey Muskat, as their damages expert, and that Mr. Muskat was affiliated with the same CPA firm as Jerrold Levine, the Chairperson of the *Platt* arbitration panel. I told Mr. Buchdahl in substance that this would be an unacceptable conflict of interest that Barclays would not consent to. Perhaps because he did not know, Mr. Buchdahl did not state that Mr. Muskat had spoken about the engagement with Mr. Levine and that Mr. Levine had stated that the engagement would pose a conflict. Mr. Buchdahl did not reveal any discussions between Mr. Levine and Mr. Muskat, and there was nothing to suggest that Levine and Muskat had communicated regarding Barclays.

7.  When the witness lists were exchanged on January 13, 2015, Mr. Buchdahl did not list Mr. Muskat as a witness.

8.  During the course of the arbitration proceedings, including the evidentiary hearings held on February 2-4, 2015, Mr. Levine did not disclose any actual or potential conflict of interest, and he stated in the opening moments of the hearing that he had nothing further to disclose beyond the information in his Arbitrator Disclosure Report. Mr. Levine never mentioned any discussions with Mr. Muskat about the *Platt* case or the *Gallo* case.

9.  After the *Platt* hearing, Mr. Levine signed the arbitration award on February 11, 2015, and his two co-arbitrators signed on February 10, 2015. FINRA served the award on February 18, 2015; it is attached as Exhibit 4.

10. Also on February 10, 2015, we received the witness list of the Claimants and Counterclaim Respondents in the *Gallo* case. (Attached as Exhibit 5.) Gallo and Adams listed Harvey Muskat as their expert witness on damages. The *Gallo* hearing was held March 2-5, 2015, and Mr. Muskat testified against Barclays on March 4, 2015.

11. After receiving the award in the *Platt* case on February 18, 2015 and before cross-examining Mr. Muskat in the *Gallo* arbitration, I viewed his and Mr. Levine's CPA firm's website. The firm's name is Pinchasik Yelen Muskat Stein LLC, and its website is www.psms-cpa.com. I clicked on the button entitled "Members" and captured the image, which I attach as Exhibit 6. It shows that the CPA firm has nine members, two of which are Harvey Muskat and Jerrold Levine.

12. In the *Gallo* arbitration, the Claimants' counsel tried to take advantage of the *Platt* award by preparing and referring to the demonstrative exhibit attached as Exhibit 7, which is a collapsed version of the award in the *Platt* case.

13. I attach as Exhibit 8 the Pre-Hearing Brief we filed on behalf of Barclays in the *Platt* case.

14. I attach as Exhibit 9 relevant portions of the FINRA Dispute Resolution Arbitrator's Guide.

15. I attach as Exhibit 10 the transcript of the digital recording in the *Platt* case.

16. I attach as Exhibit 11 the transcript of the digital recording in the *Gallo* case.

17. I attach as Exhibit 12 FINRA's Publication "Your Duty to Disclose" (Aug. 2013 ed.).

18. I attach as Exhibit 13 FINRA's Publication, "Awards FAQ" (*see* ¶ 1).

_____
David G. Russell

Sworn to and subscribed before me
this _14th_ day of May, 2015.

_____
Notary Public
My commission expires: 9/2/17
   (NOTARIAL SEAL)

Lindsay A. Stinchcomb
Notary Public
Cobb County, Georgia
My Commission Expires September 2, 2017